USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-28-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ARCHIBALD A. WALKER,

                            Plaintiff,

-against-

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA, and THE BANK OF NEW YORK
MELLON CORPORATION,

                            Defendants.

-------------------------------------------------------------- X

**ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO DISMISS**

19 Civ. 7286 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Archibald A. Walker brings suit under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.*, against his late wife's former employer, The Bank of New York Mellon Corporation ("BNY"), and an insurance carrier, The Prudential Insurance Company of America ("Prudential") (collectively, "Defendants"). Plaintiff alleges that Defendants have failed to pay a death benefit to which he is entitled under his late wife's insurance policy. Defendants, arguing Plaintiff improperly brought claims that are preempted by ERISA, move to dismiss all but one of Plaintiff's claims and recharacterize the other. For the following reasons, Defendants' motion is granted in part and denied in part.

## BACKGROUND

        Plaintiff's late wife, Rosemary Redondo, was a financial analyst at BNY.[1] On or about September 8, 2015, Redondo was placed on short-term disability but continued to work from home. In or about the same month, she received information from Defendants regarding insurance options for the 2016 plan year. Redondo elected Optional Employee Term Life

---

[1] Facts are taken from the complaint, ECF No. 7, and are assumed to be true for purposes of this motion. *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 93 (2d Cir. 2007).

coverage in the amount of $157,000, the equivalent of a year's salary. According to Plaintiff, the coverage became effective on January 1, 2016, at which time BNY began deducting insurance premiums for Optional Employee Term Life coverage from Redondo's paychecks. Defendants also issued a confirmation of coverage.

Redondo did not return from short-term disability. She died on October 3, 2016. Plaintiff made a claim under Redondo's Optional Employee Term Life policy, but Prudential denied coverage. Prudential claimed that because Redondo remained on short-term disability from the policy's inception until her death, she did not meet the policy's "Active Work Requirement." As a result, pursuant to the "Delay of Effective Date" provision, the coverage never began.[2]

During Plaintiff's appeal process with Prudential, BNY admitted that the Delay of Effective Date provision was not in the Benefits Guide that Redondo had received but claimed that it was in the Summary Plan Description. According to Plaintiff, the Delay of Effective Date provision was not in either document. Plaintiff says that the Active Work Requirement and Delay of Effective Date provisions were only in the Group Insurance Certificate, a document Redondo had never received. Prudential denied Plaintiff's appeal and a subsequent appeal, allegedly relying on the incorrect information from BNY regarding the contents of documents Redondo received. Prudential also explained why it charged premiums even though Redondo was not covered. Prudential said that its practice was to charge premiums so that if Redondo had returned to work, coverage would have begun immediately.

Following the denial of Plaintiff's claim and appeals, Plaintiff filed this suit, alleging seven causes of action: ERISA - breach of bontract ("Count I"), promissory estoppel

---

[2] In March 2015, before Redondo's enrollment, Prudential's denial of coverage was stricken in a lawsuit involving a different claimant but with similar facts and the same plan language. *See Mefford v. Prudential Ins. Co. of Am.*, 99 F. Supp. 3d 551 (E.D. Pa. 2015).

2

("Count II"), waiver and estoppel ("Count III"), declaratory judgment ("Count IV"), unjust enrichment ("Count V"), equitable estoppel - public policy ("Count VI"), and collateral estoppel ("Count VII"). Plaintiff moves to dismiss Counts II through VII as preempted by ERISA and moves to recharacterize Count I as a claim for relief under ERISA, 29 U.S.C. § 1132(a)(1)(B).

## DISCUSSION

### I. Legal Standards

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The court's function . . . is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

ERISA explicitly supersedes state laws relating to an employee benefit plan covered by ERISA. 29 U.S.C. § 1144(a); *District of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 127 (1992). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (finding common law causes of action related to employee benefit plans are preempted by ERISA unless they fall under one of the exceptions enumerated in the statute).

The parties agree that the plan at issue is governed by ERISA. Defendants argue that Plaintiff alleges seven state/common law claims that are all preempted by ERISA. They

3

seek an order recharacterizing Count I, which Plaintiff describes as breach of contract under ERISA, as a claim for benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B). Defendants argue the Court should dismiss the remaining claims with prejudice.

## II. Count I Is Characterized as a Claim to Recover Benefits Under ERISA

Under 29 U.S.C. § 1132(a)(1)(B), the beneficiary of an ERISA-governed plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." To satisfy this provision, a plaintiff must show that "(1) the plan is covered by ERISA, (2) plaintiff is a participant or beneficiary of the plan, and (3) plaintiff was wrongfully denied [benefits] owed under the plan." *Giordano v. Thomson*, 564 F.3d 163, 168 (2d Cir. 2009) (internal citations omitted).

Breach of contract claims related to ERISA-governed plans are preempted by ERISA where they could have been brought as claims for benefits under 29 U.S.C. § 1132(a)(1)(B) and there is no other independent legal duty implicated by defendant's actions— that is, some legal duty outside the plan at issue. *Dillon v. Metro. Life Ins. Co.*, 832 F. Supp. 2d 355, 362 (S.D.N.Y. 2011). Plaintiff's Count I meets these criteria for preemption.

Plaintiff does not dispute that Count I, although described in the complaint as a breach of contract claim, is recharacterized as a claim for benefits under ERISA. There is no need to dismiss it.

## III. Plaintiff's Remaining Claims

Count II and VI are claims for promissory estoppel and equitable estoppel, respectively. In this Circuit, the elements of promissory estoppel in an ERISA action are "(1) a promise, (2) reliance on the promise, (3) injury caused by the reliance, and (4) an injustice if the promise is not enforced." *Schonholz v. Long Island Jewish Med. Ctr.*, 87 F.3d 72, 79 (2d Cir. 1996). The elements of equitable estoppel are "(1) material representation, (2) reliance and (3)

4

damage." *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993). As an additional requirement, "[p]romissory or equitable estoppel is available on ERISA claims only in 'extraordinary circumstances.'" *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 109 (2d Cir. 2008) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 173 F.3d 94, 101 (2d Cir. 1999)). Defendants acknowledge that these claims are available in ERISA actions but argue that Plaintiff failed to plead extraordinary circumstances.

Courts have generally found "extraordinary circumstances" to justify a claim of promissory or equitable estoppel in the presence of "intentional inducement and deception" or "[w]ritten or oral interpretation of an ambiguous term . . . where circumstances are 'beyond the ordinary.'" *Ramos v. SEIU 74 Welfare Fund*, No. 01 Civ. 2700, 2002 WL 519731, at *6 (S.D.N.Y. Apr. 5. 2002) (quoting *Aramony v. United Way Replacement Benefit Plan*, 191 F.3d 140, 152 (2d Cir. 1999); *see also Abbruscato v. Empire Blue Cross and Blue Sheild*, 274 F.3d 90, 101 (2d Cir. 2001) (finding plaintiffs sufficiently alleged extraordinary circumstances where defendant allegedly used plans at issue as an inducement to persuade plaintiffs to retire); *Devlin*, 274 F.3d at 86-87 (denying defendant's motion for summary judgment on promissory estoppel claim where "trier of fact could reasonably conclude that [defendant] intentionally promised lifetime life insurance benefits to lure (and retain) employees away from other firms paying higher salaries and then denied those benefits").

Plaintiff argues that Defendants' confirmation of coverage and continued collection of premiums are "extraordinary circumstances." Furthermore, following the *Mefford* decision finding that Prudential's interpretation of the relevant provisions was clearly erroneous, Prudential continued to issue policies with the same language. *See Mefford v. Prudential Ins. Co. of Am.*, 99 F. Supp. 3d 551 (E.D. Pa. 2015). Defendants argue that an insurer's retention of premium payments and subsequent denial of coverage based on improper enrollment do not qualify as "extraordinary circumstances." *See Dillon*, 832 F. Supp. 2d at 367-68. However,

5

Plaintiff's allegations are distinct from cases like *Dillon*. In *Dillon*, the insurance company "made a mistake" in a policy eligibility decision, rectified the mistake within weeks, and returned the premium it mistakenly collected. *Id.* Here, according to Plaintiff, Defendants knew they planned to deny coverage based on an erroneous interpretation of policy language, but they confirmed coverage and retained premiums anyway.

At the pleading stage, Defendants' conduct constitutes the type of intentional deception that constitutes extraordinary circumstances.

Count III, the waiver claim, is dismissed. "Waiver arises when a party has voluntarily or intentionally relinquished a known right." *Ludwig v. NYNEX Serv. Co.*, 838 F. Supp. 769, 796 (S.D.N.Y. 1993). Plaintiff contends that waiver applies here because Prudential failed to change its plan language after it lost the *Mefford* case, which turned on the same issue as Plaintiff's claims here. Plaintiff is correct that "the doctrine of waiver is applicable to ERISA cases as a matter of federal common law." *Id.* Therefore, it is not preempted as Defendants assert. However, the doctrine of waiver does not apply "where the issue is the existence or nonexistence of coverage." *Juliano v. Health Maint. Org. of New Jersey*, 221 F.3d 279, 288 (2d Cir. 2000); *Munnelly v. Fordham Univ. Faculty*, 316 F. Supp. 3d 714, 741 (S.D.N.Y. 2018). Because that is the nature of the dispute here, the waiver claim cannot survive. In any event, the claim of waiver duplicates the claim of estoppel.

Count IV, the claim for declaratory judgment, seeks a declaration that the life insurance policy was in effect at the time of Redondo's death and that Plaintiff is entitled to the $157,000 death benefit. A declaratory judgment claim is not appropriate where it is merely duplicative of a claim for benefits under 29 U.S.C. § 1132(a)(1)(B) and can be adequately redressed with money damages. *See Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice HMO, Inc.*, No. 13–cv–6551, 2014 WL 4058321, at *5 (S.D.N.Y. Aug. 15, 2014) (dismissing declaratory judgment claim because "plaintiffs' declaratory judgment claim is

6

duplicative of its claim for benefits under [29 U.S.C. § 1132(a)(1)(B)]"); *Biomed Pharm. V. Oxford Health Plans (N.Y.), Inc.*, 775 F. Supp. 2d 730, 737 (S.D.N.Y. 2011) (dismissing three claims for declaratory judgment where claims were "entirely duplicative of [plaintiff's] claim for benefits under [29 U.S.C. § 1132(a)(1)(B)], as the gravamen of all three Counts is that [defendant] improperly denied the Patient benefits to which he was entitled under the Plan"). Because it is duplicative of the relief Plaintiff seeks under Count I, Plaintiff's declaratory judgment claim is dismissed.

Count V is a claim for unjust enrichment. No such claim is available for a plaintiff seeking payment of benefits under an ERISA-governed plan. "Although courts may develop a federal common law under ERISA if appropriate, courts have uniformly held that there is no need to supplement ERISA with a common law claim of unjust enrichment because the statute already provides adequate relief for an injury such as the losses claimed by plaintiffs." *Am. Med. Ass'n v. United Healthcare Corp.*, No. 00 CIV. 2800, 2001 WL 863561, at *14 (S.D.N.Y. July 31, 2001); *see also Nechis v. Oxford Health Plans, Inc.*, 328 F. Supp. 2d 469, 479-80 (S.D.N.Y. 2004) ("ERISA does not create any cause of action for unjust enrichment, and no such remedy may be implied under the common law."). The only relief Plaintiff seeks under his unjust enrichment claim is payment of the $157,000 allegedly owed to him under the insurance policy. Because that relief is available under Count I, characterized by the Court as a claim for relief under 29 U.S.C. § 1132(a)(1)(B), Plaintiff's claim for unjust enrichment is dismissed.

Finally, Count VII, Plaintiff's claim for collateral estoppel, will not be dismissed pursuant to this 12(b)(6) motion. Courts have applied defensive collateral estoppel in cases for benefits under ERISA. *See Mohr-Lercara v. Oxford Health Ins., Inc.*, No. 18 CV 1427, 2019 WL 1409479, at *4-7 (S.D.N.Y. Mar. 28, 2019); *Kreinik v. Showbran Photo, Inc.*, 400 F. Supp. 2d 554, 560-70 (S.D.N.Y. 2005). Defendants do not cite any reason that it cannot be applied

offensively. At least one other district court in this Circuit has applied the doctrine of non-mutual offensive collateral estoppel in a case involving claims for benefits under ERISA. *Fenwick v. The Advest, Inc. Account Exec. Nonqualified Defined Benefit Plan*, No. 06cv880, 2009 WL 5184405, at *5-6 (D. Conn. Dec. 22, 2009) (finding defendants were collaterally estopped from litigating issue regarding plan's exclusion from ERISA requirements after they litigated and lost on the issue in a proceeding in another court). The similarity of circumstances to constitute collateral estoppel will have to be proved. Differences and similarities will have to be explored.

## IV. Obligation to Replead

The gist of this order is that there are two modes by which Plaintiff seeks to collect benefits: one on the written terms of the contract and one based on theories of estoppel. Plaintiff should replead to allege that clearly.

## CONCLUSION

For the foregoing reasons, I interpret Count I of the complaint as a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). Counts III, IV, and V are dismissed with prejudice. Defendants' motion to dismiss is denied with respect to Counts II, VI, and VII. Within 14 days from the date of this order, Plaintiff shall file an amended complaint consistent with this order on Counts I, II, VI, and VII. Defendants' answer is due 14 days after Plaintiff's amended complaint. The oral argument scheduled for March 2, 2020 is canceled. The parties shall appear for an initial pretrial conference on April 3, 2020 at 10:00 a.m.

SO ORDERED.

Dated: February 27, 2020
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge